Sxb

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Ayo Dunn (#2018-1017024),        )
                                   )
          Plaintiff,         )
                                   )     Case No. 19 C 0216
      v.                    )
                                   )     Judge Charles R. Norgle
Tom Dart, et al.,              )
                                   )
          Defendant.      )

## ORDER

Plaintiff has submitted an amended complaint [8], as ordered. The Court has reviewed the proposed amended complaint pursuant to 28 U.S.C. § 1915A and finds that it again fails to state a claim. Thus, the proposed amended complaint [8] is dismissed without prejudice. Plaintiff may not pursue a claim based on his allegations regarding the working conditions in the Cook County Jail absent a federal claim against proper defendants, however, based on the facts alleged, he may have a claim for objectively unreasonable medical care. If Plaintiff wishes to pursue such a claim, he must submit a proposed second amended complaint by _5-27_____. If Plaintiff fails to comply, this case will be dismissed. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal once he has submitted an acceptable complaint. The Clerk of Court is directed to send Plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order.

## STATEMENT

Plaintiff Ayo Dunn, a detainee at the Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges an unsafe and unhealthy conditions in the kitchens at the Cook County Jail that caused him injury. Before the Court is Plaintiff's proposed amended complaint for initial review.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago,* 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that on November 16, 2018, he was working in the central kitchen at the Cook County Jail and slipped on a wet floor. (Dkt. 8, p. 7.) Plaintiff alleges there were no signs alerting him to a wet floor. (*Id.*) Plaintiff further alleges that he fell because he was not issued proper footwear for working on wet floors. (*Id.* at p. 8.) Plaintiff alleges that he and other inmates have complained about the conditions, but nothing has been done to fix the problem. (Id. at p. 9.)

Plaintiff alleges he was taken by an E.M.T. on a stretcher to Stroger Hospital where he was x-rayed and told that he suffered from a bulging disc in his spine. (*Id.*) He was also told he needed surgery to correct the problem. (*Id.*) Plaintiff alleges he was sent back to the Cook County Jail and now must walk with a cane or use a wheel chair for long distances. (*Id.*) Plaintiff alleges he has been prescribed pain medication that does not help and he suffers from excruciating pain. (*Id.*) Plaintiff alleges that on February 22, 2019, his medication was changed and has not provided him with any relief from the pain. (*Id.*) Plaintiff also alleges he has been denied access to his medical records. (*Id.* at p. 8.) Plaintiff alleges he has also been prescribed physical therapy. (*Id.*)

Plaintiff's complaint suffers from several flaws. First, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States and that the deprivation occurred at the hands of a person acting under the color of state law. *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). The Constitution is concerned only with risks that present an excessive risk of serious harm to an inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 836-37 (1994); s*ee Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (explaining that the conditions of confinement must deny an inmate the "minimal civilized measure of life's necessities" before they rise to the level of a constitutional violation). Neither negligence nor even gross negligence gives rise to a constitutional violation. *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010). Moreover, slippery floors generally do not pose a sufficiently dangerous condition to support a constitutional violation, even if officials knew about but failed to correct the condition. *See Pyles v. Fahim,* 771 F.3d 403, 410 (7th Cir. 2014) (upholding dismissal at screening stage where prisoner claimed that warden turned blind eye to safety posed by wet stairway on which prisoner allegedly slipped). While it is unfortunate that Plaintiff was injured when he slipped and fell, absent a federal cause of action, he has no recourse in federal court stemming from the conditions that caused the fall.

Additionally, Plaintiff has failed to name a proper Defendant for any claim he may have regarding inadequate medical care. The Fourteenth Amendment governs medical care claims brought by pretrial detainees. *See Miranda v. County of Lake,* 900 F.3d 335, 352-54 (7th Cir.

2018). To establish that medical care violates the Fourteenth Amendment, a detainee must show that (1) he suffered from an objectively serious medical condition, *see Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), and (2) jail personnel "purposefully, knowingly, or perhaps even recklessly" disregarded a serious risk to his health or safety when treating the condition, *Miranda*, 900 F.3d at 353-54.[1] Negligence or even gross negligence is not enough. *Id.* Instead, a defendant's conduct must be objectively unreasonable, which means that the conduct must be "more than negligence . . . something akin to reckless disregard[.]" *Id.* Plaintiff has made allegations that he suffered a serious injury (a bulging disc) due to his fall and may have alleged a valid constitutional claim for inadequate medical care, but he has named only Defendants who might have been involved in running and maintaining the kitchen or supervisory officials. If Plaintiff wishes to pursue a claim of objectively unreasonable medical care, he must state a plausible claim against proper Defendants. Section 1983 creates a cause of action based on personal liability and predicated on fault, so to be held liable, an individual must have caused or participated in a constitutional deprivation. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, if Plaintiff wishes to proceed on a claim of objectively unreasonable medical care, he must submit a proposed amended complaint that names the medical personnel whom he believes have failed to provide him with adequate care.

The Court notes that Plaintiff's original complaint made no mention of issues with medical care and focused entirely on the "slip and fall" Plaintiff suffered on November 16, 2018. Although Plaintiff makes allegations regarding his medical care in his amended complaint, he only names Defendants related to the management of the central kitchen and his "slip and fall." While Plaintiff's focus seems to be on the "slip and fall" which is not a claim, he has alleged issues with his medical care that may state a claim. However, before submitting a proposed second amended complaint, Plaintiff must be certain he exhausted his administrative remedies *prior to filing suit.* The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust administrative remedies before they may seek relief in federal court. 42 U.S.C. § 1997e(a). "[T]he primary purpose of a grievance is to alert prison officials to a problem." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). Thus, "if a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim" in federal court. *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). Proper exhaustion requires that prisoners file grievances and appeals in the place, at the time, and in the manner that the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If Plaintiff did not pursue administrative remedies—*i.e.*, a grievance and appeal—within the Cook County Department of Corrections concerning the problems with medical care, the complaint must be dismissed. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (explaining that district court may not resolve claims on merits before prisoner has exhausted administrative remedies).

---

[1] *Miranda* addressed only the second prong of the analysis, which concerns the level of culpability required to show that correctional jail officials or medical providers violated the Fourteenth Amendment in the context of a detainee's right to receive adequate medical treatment. *See Miranda*, 900 F.3d at 347, 351-54 (acknowledging that defendant doctors "concede[d] that [the decedent's] medical condition was objectively serious").

Further, Plaintiff names Cook County Sheriff Tom Dart as a Defendant in his supervisory capacity. A supervisory official cannot be held vicariously or strictly liable for the conduct of his subordinates, and a complaint's allegations must indicate the official was personally involved in some way in the constitutional violation. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). here is no *respondeat superior* (or supervisor) liability under section 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, a high-level official such as Thomas Dart may not be held liable under section 1983 merely because he oversees operations at the jail. If Plaintiff chooses to submit a second amended complaint, he should focus on naming as Defendants only those individuals that were personally involved in the complained-of events/responsible for violating his constitutional rights.

Accordingly, the Court dismisses Plaintiff's amended complaint without prejudice for failure to state a claim against a proper Defendant. If Plaintiff wants to proceed with this lawsuit, he must submit a second amended complaint that states a federal claim against proper defendants. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes a prior complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint without reference to the original or amended complaint. Any documents Plaintiff wants the Court to consider in its threshold review of the second amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit a second amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

Date:  4-30-19          /s/ *(signature)*

4